C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                        :
ADEL FAWZY,                                      :     **MEMORANDUM**
                                                        :     **DECISION AND ORDER**
                          Plaintiff,         :
                                                        :     12 cv 5580 (BMC)
            - against -                   :
                                                        :
MAGDY GENDY,                                  :
                         Defendant.    :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff moves to recover costs and reasonable attorneys' fees for his attorney, William Cafaro, Esq. pursuant to my Findings of Fact and Conclusions of Law (the "Decision") entered on the record after a bench trial on August 20, 2013. Familiarity with the Decision, applying the Fair Labor Standards Act ("FLSA") and corresponding provisions of the New York Labor Law (both of which permit an award of attorneys' fees to a prevailing plaintiff), is presumed. (Plaintiff prevailed, receiving a judgment of $22,141.95; that is why we have the instant motion.) Defendant *pro se* has not filed opposition but I have independently considered the reasonableness of the requested fees and costs. I grant the motion to the extent set forth below.

      Courts within the Second Circuit generally employ the "presumptively reasonable fee" method when analyzing attorneys' fees motions. See <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections</u>, 522 F.3d 182, 190 (2d Cir. 2008). Under this method, courts multiply the "amount of time reasonably spent by counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee. <u>Cover v.</u>

Potter, No. 05-7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008). A court must then determine whether this presumptively reasonable fee is subject to an upward or downward departure. Id. at *6.

First, I will observe that the hourly rate claimed by plaintiff's counsel, $400 per hour, is somewhat high for this case. To determine reasonable hourly rates, courts must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541 (1984)). The "community" is generally considered the district where the district court sits. See Arbor Hill, 522 F.3d at 190. "Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." Cho v. Koam Medical Services P.C., 524 F.Supp.2d 202, 207 (E.D.N.Y. 2007); see also Duncan v. Revma Elec., Inc., No. 11 cv 5952, 2013 WL 4899531 (E.D.N.Y. Sept. 11, 2013) (top FLSA rate of $300 per hour for senior partner); Guzman v. Joesons Auto Parts, No. 11 cv 4543 , 2013 WL 2898154 (E.D.N.Y. June 13, 2013) ($350 per hour in FLSA case); Cuevas v. Ruby Enterprises of New York, Inc., No. 10 cv 5257, 2013 WL 3057715 (E.D.N.Y. June 17, 2013) ($350 per hour for experienced FLSA counsel); Jean v. Auto and Tire Spot Corp., No. 09 cv 5394, 2013 WL 2322834 (E.D.N.Y. May 28, 2013) (same); Man Wei Shiu v. New Peking Taste, Inc., No. 11 cv 1175, 2013 WL 2351370 (E.D.N.Y. May 28, 2013) (top rate of $275 per hour in FLSA case); Santillan v. Henao, 822 F.Supp.2d 284 (E.D.N.Y. 2011) (awarding a managing member of firm $375 hourly rate in FLSA case); Jemine v. Dennis, 901 F. Supp. 2d 365 (E.D.N.Y. 2012) ($375 per hour in FLSA case); Gunawan v. Sake Sushi Restaurant, 897 F. Supp. 2d 76 (E.D.N.Y. 2012) (reducing top FLSA claimed rate from $350 to $275 based on

simplicity of the case); Siemieniewicz v. CAZ Contracting Corp, No. 11 cv 0704, 2012 WL 5183375 (E.D.N.Y. Sept. 21, 2012) (reducing claimed FLSA rate from $375 to $325); Janus v. Regalis Const., Inc., No. 11 cv 5788, 2012 WL 3878113 (E.D.N.Y. July 23, 2012) (reducing claimed $450 rate to $350, and collecting cases).

Although many cases do not distinguish between different areas of legal practice, I believe that in ascertaining a reasonable hourly rate for FLSA cases, it is important to focus on FLSA cases, which most of the cases that plaintiff cites in support of his motion are not. Cleary, the rate must be carefully ascertained so as to not disincentivize lawyers from pursuing FLSA cases in favor of other work.  But there seems no danger of that as the going rate of $350 per hour in this district has occurred along with an explosion of these cases in this district, more than double what they were in 2008.[1]  Apples have to be compared to apples, not oranges.  The fact is that different legal markets support different rates. Six hundred dollars per hour (or much more) might be allowable for a large law firm with enormous overhead in a complex commercial litigation, but the economics of that practice are so different that it does not give me much help in determining the reasonable rate in this FLSA case. Title VII cases have a different rate structure yet for a variety of reasons.

---

[1] The following table lists the FLSA cases by calendar year filed in this district:

| Year | Count |
| ---- | ----- |
| 2008 | 249 |
| 2009 | 306 |
| 2010 | 414 |
| 2011 | 519 |
| 2012 | 580 |
| 2013 | 551* |

* Year to Date as of 10/4/2013

3

Plaintiff has cited no FLSA in this district in which the Court awarded $400 per hour outside of the settlement context.[2] There has been nothing in the market for FLSA cases since the recession began in 2008 that suggests the need for any escalation. Although plaintiff argues that "when reviewing case law that comments on prevailing market rates, a court must take into account the rapidity with which such rates can rise," quoting, Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp., 215 F.R.D. 60 (E.D.N.Y. 2003), it is significant that the Tokyo Electron court expressed that view in 2003. It seems unlikely that a court would express the same view now. As Monty Python noted, "Nobody expects the Spanish Inquisition," and nobody expected the collapse in the legal market that began in 2008 and continues today. Moreover, as noted above, the dramatic increase in FLSA filings in this district since that time suggests that no rate increase is needed to incentivize plaintiffs' attorneys to bring these cases.

If there is an FLSA case that commands $400 per hour, this is not it. The *pro se* defendant was not a troublemaker and could do little to defend himself. Even with the Court attempting to compensate (to a permissible degree) for defendant's *pro se* status, this case was essentially shooting ducks in a barrel. Plaintiff's attorney has conceded that "defendant's predicament was somewhat sympathetic," and asks that if that influences me to adjust the fee award, I should take it out of the amount of time, not the rate, in order to avoid setting a precedent that will affect him in future cases. But I have to be concerned about precedent too, so the most I can do is say that I am not precluding plaintiff's attorney, based on his experience and background, from getting $400 per hour in some future, more demanding FLSA case. For this

---

[2] In fairness, there was one case in which I awarded $600 an hour in the context of an FLSA settlement that paid the plaintiff in full. That was probably a mistake, and I am not going to cite it to avoid creating any further mischief. Besides, the dynamics of fee determination in the context of FLSA settlement approval are very different, as the defendant is willing to pay the agreed-upon rate, and thus the primary inquiry is whether the plaintiff's counsel has diverted his client's recovery to pay his own fee.

case, based on his experience and the prevailing rate in this district, the reasonable rate is $350 per hour.

As to the reasonableness of the amount of time spent, I have little issue. The case was simple as could be, but it still required a deposition, a trial, initial disclosures, attendance at conferences, and preparation of proposed findings and conclusions. For this, and the attendant activities that go along with them, plaintiff's attorney spent 43.2 hours. The time records are contemporaneous and in tenths of an hour. See e.g., Cowan v. Ernest Codelia, P.C., 98 civ. 5548, 2001 WL 30501 (S.D.N.Y. Jan. 12, 2001). There is no block billing, which some cases have found problematic. See Molefi v. Oppenheimer Trust, No. 03 Cv. 5631, 2007 WL 538547, at *7 (E.D.N.Y. Feb. 15, 2007); Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F.Supp.2d 274 (E.D.N.Y. 2008). The only concern is that plaintiff's attorney's research at the outset of the case was inaccurate, and he ended up suing the wrong party, which resulted in some wasted effort. However, that is offset by the fact that plaintiff has chosen not to seek recovery for any paralegal time spent on the case. Maximum efficiency is not required; just reasonable efficiency.

I see no factors that require further adjustment of the total amount claimed for time spent working on the case. I have already considered the simplicity of the case, the lack of risk, the efficiency of plaintiff's counsel, and the public policy considerations in the amount claimed. The amount of the claimed fees is high compared to the recovery in favor of plaintiff, but that is not atypical in FLSA cases and probably necessary to ensure that the FLSA is privately enforced because of the relatively low recoveries on a per-plaintiff basis. The lodestar method as adjusted here results in the appropriate award of attorneys' fees. See Goldberger v. Integrated Resources, Inc., 209 F.2d 43, 50 (2d Cir. 2000).

The costs and disbursements claimed are also generally reasonable and consistent with the statutory authorization, except several items that have not been adequately explained and thus cannot be allowed. First, there is a duplicate service of process fee, perhaps for serving the wrong entity or double-serving plaintiff under his d/b/a name. Second, plaintiff has not explained a charge to something called Asset Source International. (There were actually two charges, but plaintiff's counsel notes that he removed one of them as not chargeable to this case.) Third, there is a partially described but unexplained charge to "Westchester …" which I can't allow because I do not know what it is; this case does not appear to have anything to do with Westchester except plaintiff's having joined the wrong party. Finally, there is an unexplained invoice of Farid Botros, which based on the amount one would think is a court reporter, but there are already two separate charges for a court reporter and I do not think there were three depositions. Finally, there is a charge for American Clerical Services, which I understand reviews state court dockets to determine if decisions have been reached on motions; that is not necessary in federal court with our ECF system. I emphasize that I am not finding that these disallowed disbursements were not incurred; I am disallowing them only because plaintiff has not explained them adequately.

Eliminating these charges reduces plaintiff's claimed disbursements from $1882.53 to $1167.13. Reducing plaintiff's attorney's rate from $400 to $350 results in a reduction of his time charges from $17,280 to $15,120.

Accordingly, plaintiff's motion for attorneys' fees and costs [33] is granted to the extent set forth above. The Clerk is directed to enter a Judgment for Attorneys' Fees and Costs in favor of plaintiff and against defendant in the amount of $16,287.13.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
          October 6, 2013